IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OLGA M. GORDON MASCIARELLI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 1:21-cv-03315-MJM |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Olga Makara Gordon Masciarelli ("Plaintiff") commenced this civil action against the United States of America alleging negligence in the maintenance of a U.S. Postal Service ("USPS") post office lobby resulting in personal injury. ECF 1 (Complaint).[1] Pending in this action is the United States' Motion to Dismiss for lack of subject matter jurisdiction (the "Motion"), which argues that the discretionary function exception applies to the federal government's waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA"). ECF 28. The Court has reviewed the parties' filings and finds no need for a hearing. L. R. 105.6. For the following reasons, the United States' Motion will be GRANTED.

**I.  BACKGROUND**

The defendant, the United States of America, operates the USPS post office located at 366 Thompson Creek Mall, Stevensville, Maryland 21666 (the "Stevensville Post Office"). Plaintiff alleges that she sustained an injury after slipping on a wet floor in the lobby of the Stevensville Post Office during a time the post office was closed for business. Operation of the Stevensville

---

[1] The parties have consented to proceed before a United States magistrate judge pursuant to 28 U.S.C. § 636(c). ECF 20, 21.

1

Post Office is governed by the Postal Operations Manual ("POM"). Under § 126.43 of the POM, the postmaster of a USPS post office has the discretion to provide customers 24-hour access to the post office lobby "provided that customer safety and security provisions are deemed adequate by the [U.S. Postal] Inspection Service." ECF 28-3 at 112. The Stevensville Post Office generally follows the USPS Maintenance Handbook on Floors, Care, and Maintenance ("Maintenance Handbook") issued by the USPS Office of Maintenance Management. ECF 28 at 2–3. The Maintenance Handbook includes safety guidelines for USPS employees to follow with respect to wet floors. ECF 28-4 at 27.

On October 27, 2019, at approximately 1:00 p.m., Plaintiff went to the Stevensville Post Office to deposit mail into the drop box located in the lobby. Compl. ¶ 5. The post office was closed for business at that time, but the lobby remained open for patrons to access the mail drop box. *Id.* ¶ 6. It had been raining that day, and the sidewalks outside the post office were wet. *Id.* ¶ 7. While walking into the post office lobby, Plaintiff slipped on the wet floor, fell, and injured her knee. *Id.* ¶ 11. Plaintiff alleges that a USPS employee "was present in the building" but did not witness the incident. *Id.* ¶ 14. Plaintiff claims to have suffered several injuries as a result of the incident, including both physical and emotional injuries. *Id.* ¶ 23. Plaintiff filed a claim with the National Tort Center but received a letter denying the claim on June 30, 2021. *Id.* at ¶ 18. Plaintiff then initiated this tort action, alleging one count of negligence.

The United States now moves to dismiss this action for lack of subject matter jurisdiction based on sovereign immunity and the discretionary function exception to liability under the FTCA. ECF 28. Plaintiff filed a response in opposition to the Motion arguing that the discretionary function exception does not apply to this case, ECF 31, to which the United States filed a reply in support of the Motion, ECF 32.

2

## II. STANDARD OF REVIEW

The Motion is brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, challenging the Court's subject matter jurisdiction of Plaintiff's claim. Plaintiff bears the burden of proving that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In a Rule 12(b)(1) motion, the court may consider evidence outside the pleadings to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. The court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768.

Here, the United States brings a facial challenge to subject matter jurisdiction, asserting that the allegations in the Complaint, in themselves, are "insufficient to establish subject matter jurisdiction" and therefore warrant dismissal. *MedSense, LLC v. Univ. Sys. of Md.*, 420 F. Supp. 3d 382, 389 (D. Md. 2019). Accordingly, this Court will accept the facts alleged in the Complaint as true. *See id.*

## III. DISCUSSION

Plaintiff alleges that the United States was negligent in failing to maintain the premises of the Stevensville Post Office in a safe condition, failing to clear the floors of all hazardous conditions, and failing to warn of the dangerous conditions that existed. Compl. ¶ 21. The FTCA allows private individuals to bring claims against the United States for tortious acts committed by its agents in the course of their employment. *See* 28 U.S.C. § 2679(b)(1). "More particularly, the FTCA provides a 'limited waiver' of the United States' sovereign immunity where … the United

3

States accepts liability to the 'same extent as a private individual would have under like circumstances.'" *Ferguson v. United States*, Civ. No. 19-340-PX, 2021 WL 3288359, at *3 (D. Md. Aug. 2, 2021) (quoting *Strand v. United States*, 233 F. Supp. 3d 446, 455 (D. Md. 2017)). However, the liability of the United States under the FTCA is limited by the discretionary function exception. *See* 28 U.S.C. § 2680(a). The FTCA's discretionary function exception precludes actions "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the [U.S.] Government, whether or not the discretion involved be abused." *Id.*

To determine the applicability of the discretionary function exception, the court must consider two factors. *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988). First, the court determines whether the alleged acts or omissions involved an element of judgment or choice. *Id.* The discretionary function exception does not apply if the alleged acts have been subject to a statute, regulation, or policy that prescribes a specific course of action. *United States v. Gaubert*, 499 U.S. 315, 322 (1991) ("The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'") (quoting *Berkovitz*, 486 U.S. at 536). Where there is "room for choice" in the government-defendant's course of action, the first prong of the discretionary function exception is satisfied. *Ferguson*, 2021 WL 3288359 at *3 (quoting *Atallah v. United States*, 955 F. 2d 776, 783 (1st Cir. 1992)).

Second, the court determines whether the government-defendant's decision involves social, economic, or policy considerations. *Gaubert* 499 U.S. at 322–23. Government actions and decisions grounded in social, economic, and political policy fall within the discretionary function exception. *Id.* The exception serves to prevent courts presiding over FTCA actions from "second-

4

guessing" government decisions "based on considerations of public policy." *Gaubert*, 499 U.S. at 323 (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense*, 467 U.S. 797, 814 (1984), and *Berkovitz*, 486 U.S. at 537). "When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324. Even "day-to-day operational decisions of government [employees] are entitled to immunity under the FTCA so long as the choices are 'susceptible to policy analysis.'" *Smith v. Wash. Metro. Area Transit Auth.*, 290 F. 3d 201, 208 (4th Cir. 2002). Accordingly, the court "must make every presumption that the Post Office's choice is grounded in policy when it is exercising its discretion." *Ferguson*, 2021 WL 3288359 at *3 (citing *Stephenson v. United States*, Civ. No. 1:16-11979, 2017 WL 5760451, at *4 (S.D.W.Va. Nov. 28, 2017)) (cleaned up, citation omitted).

Here, the United States argues that the discretionary function exception applies because USPS's decision to permit 24-hour access to the Stevensville Post Office lobby—"which necessarily includes other choices concerning how to maintain the grounds not otherwise staffed or open for regular business—is a decision or conduct that is committed to [USPS's] discretion." ECF 28-1 at 9. Relying on recent cases decided in this district, the United States argues that the two prongs of the discretionary function test are satisfied here. ECF 28 at 15–17; ECF 32 at 4.

### A. Whether the Conduct at Issue Involved Judgment or Choice

The first prong of the discretionary function test calls for an assessment of whether the conduct at issue "involved an element of judgment or choice." *Ferguson*, 2021 WL 3288359 at *3. The conduct at issue here is USPS's decision to provide patrons access to the Stevensville Post Office lobby after business hours, "which necessarily entails decisions about how to maintain part

of the grounds not otherwise staffed or open for regular business." *Ferguson*, 2021 WL 3288359 at *4 (citing *Krey v. Brennan*, Civ. No. DKC 15-3800, 2017 WL 2797491, at *4 (D. Md. June 28, 2017), *aff'd sub nom. Krey v. United States*, 734 F. App'x 203 (4th Cir. 2018)). Such decisions "involve[] an element of judgment or choice[]" and are not mandated by statute, regulation, or policy. *Id.* (citations omitted). Section 126.43 of the POM specifically accords the postmaster the "discretion" to leave the Stevensville Post Office lobby "open 24 hours per day." ECF 28-3 at 112.

Plaintiff argues that the Maintenance Handbook required the placement of wet floor signs or safety mats on wet floors and left USPS with no discretion. ECF 31 at 3. According to Plaintiff, choosing to keep the Stevensville Post Office lobby open for business "after normal hours of operation" required USPS to follow the safety guidelines regarding wet floors outlined in the Maintenance Handbook. *Id.*

Plaintiff's argument has been rejected several times by judges of this Court and other courts in factually similar cases. *See Krey*, 2017 WL 2797491, at *4; *Hogan v. U.S. Postmaster Gen.*, 492 F. App'x 33, 35 (11th Cir. 2012); *Williams v. United States*, No. 1:18CV00021, 2018 WL 5077652, at *3 (W.D. Va. Oct. 18, 2018); *Durham v. United States*, No. 2:17-CV-77-RWS, 2019 WL 650417, at *3 (N.D. Ga. Jan. 31, 2019); *Cronin v. United States*, No. 218CV00573DRHAKT, 2020 WL 5040597, at *5 (E.D.N.Y. Aug. 26, 2020); *Bonebrake v. United States*, No. C19-1639 RAJ, 2021 WL 4844717, at *3 (W.D. Wash. Oct. 18, 2021). These courts have generally held that the governmental conduct at issue is not the maintenance of wet floors in post office lobbies during times the post office is closed for business, when the post office is generally unstaffed. Rather, the conduct at issue is whether to keep post office lobbies open beyond normal business hours, which the POM leaves to the discretion of the postmaster. *See* ECF 28-3 at 112.

"Although the POM mentions safety provisions, 'nothing about [the POM] suggests that it mandates the specific procedures for wet floor maintenance contained in the Postal Service Maintenance Handbook.'" *Krey*, 2017 WL 2797491, at *4 (quoting *Hogan v. U.S. Postmaster Gen.*, 492 F. App'x 33, 36 (11th Cir. 2012)); *see also Cronin*, 2020 WL 5040597, at *5 (recognizing cases addressing the issue "clearly state that the Postal Service Handbook does not *mandate* procedures for wet floor maintenance").[2] USPS would be unable to exercise the discretion clearly granted in POM § 126.43 if the guidelines of the Maintenance Handbook were mandatory beyond normal business hours. *See, e.g.*, *Krey*, 2017 WL 2797491, at *4 ("Quite clearly, the United States could not maintain the standards in the Maintenance Handbook while exercising discretion to leave the lobby open and unstaffed."). Plaintiff's allegation that a USPS employee was somewhere in the postal facility at the time of the incident in the lobby does not alter the analysis. *See Durham*, 2019 WL 650417, at *3 ("Nothing about [POM § 126.43] suggests that it mandates the specific procedures for wet floor maintenance contained in the Postal Service Handbook during the time the retail store is closed, even if a Postal Service employee is "on duty" in another portion of the facility.").

As Plaintiff notes, the district court in *Fikani v. United States*, No. CV 19-64, 2021 WL 2000298 (D. Mont. May 19, 2021), reached a different conclusion than the courts in *Krey* and *Durham*. The court in *Fikani* determined that once the postmaster decided to keep the lobby open for 24-hour access, USPS assumed the duties "dictated and required by the Handbook[.]" 2021 WL 2000298 at *2. However, the reasoning in *Fikani* was specifically rejected by the district court

---

[2] As Judge Chasanow points out in *Krey*, "[t]he postmaster's discretion is limited only by the requirement that 'customer safety and security provisions are deemed adequate by the Inspection Service.'" 2017 WL 2797491, at *4 n.2; ECF No. 28-3 at 112. The Maintenance Handbook is not produced by the U.S. Postal Inspection Service, but by the USPS Office of Maintenance Management, a separate entity. *See* ECF 28-4 at 3.

in *Bonebrake*. 2021 WL 4844717, at *3. Consistent with *Krey* and *Durham*, the *Bonebrake* court recognized that the reasoning in *Fikani* would "essentially require[] a postmaster to staff a post office lobby during evenings, weekends, and holidays in order to provide after-hours access[,]" which is "incompatible with the discretion accorded by POM § 126.43 to keep lobbies perpetually open[.]" *Id.* The *Bonebrake* court concluded that "the analysis in *Fikani* constitutes the kind of judicial second-guessing that the discretionary function exemption was designed to prevent[,]" correctly noting that *Fikani* is an "outlier" among judicial decisions addressing this issue. *Id.* (citing *Gaubert*, 499 U.S. at 323) (cleaned up).

This Court is persuaded by the reasoning in *Krey*, *Ferguson*, *Hogan*, *Durham*, *Cronin*, and *Bonebrake* that the governmental conduct at issue on whether the discretionary function exception applies to this case is the postmaster's decision to leave the Stevensville Post Office lobby open after normal business hours—a decision that clearly involved an element of judgment or choice. The first prong of the discretionary function test is satisfied.

### B. Whether the Decision Is Grounded in Social, Economic, or Political Policy

The second prong of the discretionary function test requires consideration of whether the challenged decision is "grounded in social, economic, and political policy." *Id.* at *3 (quoting *Smith*, 290 F. 3d at 208). The decision to keep the Stevenson Post Office lobby open on a 24-hour basis is indeed a decision based on policy considerations. As explained in *Krey*, 2017 WL 2797491, at *5, "[t]he decision to leave the lobby open is an operational decision that requires evaluation of the costs to the government and the benefit to the community[,]" which "[i]nherently" involves policy considerations. Plaintiff's argument that applying the discretionary function exception to this case will leave USPS "with no incentive to maintain their premises in a safe manner," ECF 31 at 3, ignores the well-established principle that the FTCA provides only a "limited waiver" of the

8

federal government's sovereign immunity. *Ferguson*, 2021 WL 3288359, at *3 (quoting *Strand*, 233 F. Supp. 3d at 455). The federal government has expressly reserved sovereign immunity against tort claims based on its exercise of discretionary functions. *See* 28 U.S.C. § 2680(a). The discretionary function exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain government activities from exposure to suit by private individuals." *Berkovitz*, 486 U.S. at 536. The conduct challenged in this case is "the kind that the discretionary function exception was designed to shield[,]" *Gaubert* 499 U.S. at 322–23 (citation omitted), and this Court is not inclined to "allow the threat of tort liability to become a tool to shape the policy." *Krey*, 2017 WL 2797491, at *4 (quoting *Wood v. United States*, 845 F.3d 123, 131 (4th Cir. 2017)).

Because both prongs of the discretionary function test are satisfied, the United States is immune from liability in this case. Therefore, the matter must be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss (ECF 28) will be GRANTED, and this matter will be DISMISSED WITHOUT PREJUDICE.[3]

A separate Order follows.


June 28, 2023                                          /S/
                                                       Matthew J. Maddox
                                                       United States Magistrate Judge

---

[3] A dismissal for lack of subject matter jurisdiction "must be one without prejudice because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands*, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (citations omitted); *see also* Fed. R. Civ. P. 41(b).